UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMAD HANARVAR,

Plaintiff,

v.

U.S. EMBASSY & CONSULATE IN THE UNITED ARAB EMIRATES,

Defendant.
_______________________________/

Case No. 2:25-cv-10218

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING MOTION TO DISMISS [4]**

Plaintiff Mohammad Honarvar, an Iranian national living in Tehran, sued the United States' Embassy and Consulate in the United Arab Emirates for delay in deciding whether to grant him a nonimmigrant visa. ECF No. 1, PageID.1–2. Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), (3), and (6). ECF No. 4, PageID.14. Plaintiff, who is represented by counsel, had twenty-one days to respond to the motion but did not. E.D. Mich. L.R. 7.1(e)(2)(A). The Court will grant the request under Rule 12(b)(3) and dismiss the case under 28 U.S.C. § 1406(a).

The Court must assure itself of its subject matter jurisdiction before reaching the merits. Nonetheless, the Court may dispose of a case on certain threshold issues before addressing subject matter jurisdiction. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). Venue is one such threshold issue. *Chevron U.S.A. Inc. v. EPA*, 45 F.4th 380, 385 (D.C. Cir. 2022); *Kromrey v. U.S. Dep't of Just.*,

423 F. App'x 624, 626 (7th Cir. 2011). Thus, when the Court's subject matter jurisdiction is in doubt, but venue is improper, the Court may address venue first.

Generally, plaintiffs bear the burden of showing that venue is proper. *See Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id.* And when venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

Venue for a civil action in federal court is governed by 28 U.S.C. § 1391. When the defendant is a federal agency, § 1391(e) applies, *AF, Inc. v. U.S. Citizenship & Immigr. Servs.*, No. 23-cv-13009, 2025 WL 308118, at *7 (E.D. Mich. Jan. 27, 2025), and venue is proper in any district where "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. 1391(e)(1).

Defendant does not reside here. For venue purposes, the residence of a federal agency is the place where the entity performs its official duties. *AF, Inc.*, 2025 WL 308118, at *8; *see Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978); *Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978); *Chorostecki v. Blinken*, 742 F. Supp. 3d 1078, 1081 (C.D. Cal. 2024) ("Courts generally agree that federal defendants reside in Washington, D.C. for venue purposes, and that venue does not lie in every district where a federal agency has an office.").

Although an agency can have multiple residences, *see AF, Inc.*, 2025 WL 308118, at *8, Plaintiff has made no showing here that the American Embassy in the United Arab Emirates or the United States State Department "reside" in this district within the meaning of § 1391(e).[1] Rather, it is likely that venue under § 1391(e)(1)(A) lies in the District of Columbia where the Department of State is headquartered. *AF, Inc.*, 2025 WL 308118, at *8; ECF No. 1, PageID.3 ("[Defendant] resides for official purposes in the District of Columbia.").

Notwithstanding Plaintiff's bare assertion to the contrary, *see* ECF No. 1, PageID.3, none of the events or omissions giving rise to the claim occurred here. And no property is involved in the case. The case's only link to the Eastern District of Michigan is that Plaintiff wants a visa from the United States' UAE Embassy, which is under the supervision of the District of Columbia–based State Department, so that he can visit his daughter in Livonia, Michigan. *Id.* at PageID.4. But the act or omission giving rise to the claim is the delay in processing Plaintiff's visa, which is almost certainly occurring either in the UAE or in the District of Columbia. *Id.* Plaintiff, neither in his complaint nor in a response to the motion to dismiss, fleshed out what acts or omissions occurred here. Venue is not proper here under § 1391(e)(1)(B).

Plaintiff does not reside here either. He is an Iranian national living in Tehran, so venue is not proper here under § 1391(e)(1)(C).

---

[1] Federal agencies perform some of their official duties in every district in the country. If that satisfied § 1391(e)(1)(A), then subsections (e)(1)(B) and (C) would be rendered superfluous. *See F.T.C.*, 580 F.2d at 267.

For the reasons above, venue is not proper in the Eastern District of Michigan. 28 U.S.C. § 1391(e)(1). Accordingly, the Court must now either (1) dismiss the case, or (2) transfer it if doing so is in the interest of justice. 28 U.S.C. § 1406.[2] Here, the Court finds that transferring the case is not in the interest of justice. Plaintiff is represented by counsel, was put on notice of the issue and failed to respond, and made no reasonable attempt at showing proper venue in this district. And the Court is not aware of any statute of limitations that would prevent Plaintiff from refiling his case; notably, Plaintiff complains of an ongoing deprivation.

Dismissal for lack of venue, however, is not an adjudication of the merits. Fed. R. Civ. P. 41(b). The Court will thus dismiss the case *without* prejudice to Plaintiff's ability to refile where proper venue lies. *See Catz v. Chalker*, 142 F.3d 279, 285 (6th Cir. 1998) ("[W]here there is a successful motion to dismiss for improper venue, dismissal is without prejudice."), *overruled on other grounds by Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006).

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Dismiss [4] is **GRANTED.** The case is **DISMISSED WITHOUT PREJUDICE** under

[2] Although courts generally avoid sua sponte dismissal for improper venue, *Yamamoto v. Kong*, No. 3:21-cv-01527, 2022 WL 2666891, at *1 (N.D. Ohio July 11, 2022), dismissal here would not be sua sponte, because the issue of improper venue was raised by the government.

Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406 for improper venue.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 2, 2025